IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| American Fork City, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20120094-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (May 3, 2012) |
| Susan Thayne, | ) | |
| | ) | 2012 UT App 134 |
| Defendant and Appellant. | ) | |

-----

Fourth District, American Fork Department, 111101180
The Honorable Christine S. Johnson

Attorneys:    Susan Thayne, Pleasant Grove, Appellant Pro Se
              James Hansen and Timothy G. Merrill, Pleasant Grove, for Appellee

-----

Before Judges McHugh, Voros, and Christiansen.

¶1     Susan Thayne appeals her conviction of disorderly conduct, an infraction.  This case is before the court on American Fork's motion for summary disposition.  We affirm.

¶2     This case arose in the aftermath of a minor traffic accident in which another driver allowed her vehicle to roll into the rear of a vehicle occupied by Susan Thayne and her daughter and co-defendant, Jessica Thayne, while both vehicles were stopped at a stop light.  The other driver, the investigating officer, and both Susan and Jessica Thayne testified at the bench trial.  A recording of a 911 call made by Jessica Thayne and a 911 call made by the other driver was admitted into evidence.  The other driver testified that both Susan and Jessica Thayne approached her vehicle, yelled at her using expletives, and caused her to be frightened for her safety.  Although Susan Thayne

characterized her initial approach to the other driver as smiling and laughing, the court found that this was inconsistent with the other evidence and further found that the fact that Susan Thayne could be heard in the background of the 911 call yelling an expletive was inconsistent with her claim that she was amused or laughing after the accident. The district court also found that the defendants' allegation that the 911 recording had been tampered with was not credible. Finally, the district court found that neither defendant's testimony was credible but that the other driver's testimony was credible because "it converges with the testimony of the officer and also the [911] recording that [was] played . . . here in court."

¶3 In her docketing statement, Susan Thayne stated as an issue for review that she did not yell at or threaten the other driver. She also claims that the other driver "freaked out" when she approached her to get her insurance information, and she claims that she did not talk loudly or scream at anyone. We construe this as a claim that the district court's findings and decision were not supported by sufficient evidence.

¶4 "When reviewing a bench trial for sufficiency of [the] evidence, we must sustain the trial court's judgment unless it is against the clear weight of the evidence, or if the appellate court otherwise reaches a definite and firm conviction that a mistake has been made." *State v. Larsen*, 2000 UT App 106, ¶ 10, 999 P.2d 1252 (citation and internal quotation marks omitted). We defer "to the trial court's ability and opportunity to evaluate credibility and demeanor." *State v. Goodman*, 763 P.2d 786, 787 (Utah 1988). "[B]ecause the trial court had the opportunity to view these witnesses and weigh their credibility, we defer to its findings unless the record demonstrates clear error." *State v. Nichols*, 2003 UT App 287, ¶ 27, 76 P.3d 1173 (citation and internal quotation marks omitted). Thus, a challenge to the district court's credibility determinations fails if a defendant "has provided no reason for this court to depart from the deference we grant the trial court to make credibility determinations." *State v. Davie*, 2011 UT App 380, ¶ 25, 264 P.3d 770 (mem.).

¶5 The district court found that Susan Thayne's testimony was not credible and was inconsistent with other evidence before the court. In contrast, the district court found the testimony of the other driver to be credible and consistent with the other evidence and testimony before the court. We defer to the district court's credibility determinations in this case. Susan Thayne failed to identify any other issues for review

and failed to respond to American Fork's motion for summary disposition. Accordingly, we affirm the judgment and sentence.

_____
Carolyn B. McHugh,
Presiding Judge

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

_____
Michele M. Christiansen, Judge